UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2108 |
| | § | |
| MELIDA'S RESTAURANT & BAR, LLC, MELIDA SANTOS CHINCHILLA, and RAUL CHINCHILLA, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Pending before the Court is the Motion for Default Judgment filed by Plaintiff J&J Sports Productions, Inc. (Doc. No. 16.) Based on careful consideration of the filings and applicable law, the Court **GRANTS** the Motion and awards damages and attorney's fees.

Plaintiff was authorized to sub-license the closed-circuit telecast of a boxing program broadcast by satellite: the "Honor + Glory" Championship Fight Program on July 12, 2014, headlined by Saul "Canelo" Alvarez and Erislandy Lara and filled out by various undercard bouts. (Doc. No. 1 at 3.) Plaintiff alleged that Defendants Melida Santos Chinchilla, Raul Chinchilla, and Melida's Restaurant & Bar, LLC, d/b/a Melita's Restaurant & Bar, illegally intercepted the closed-circuit telecast and exhibited it in their establishment. (*Id.* at 4–5.)

Plaintiff has submitted evidence showing that it held the exclusive right to sub-license the telecast in Texas and that Defendants did not pay the licensing fee necessary to access and exhibit it. (Doc. No. 16-1 at 6–7, 12–17.) Plaintiff's evidence includes the affidavit of Thomas Riley, in which Riley explains that the satellite broadcast of the event "was electronically coded or scrambled and was not available to or intended for the use of the general public." (*Id.* at 6.)

1

Riley also asserts that an unauthorized establishment could have obtained the broadcast only through "wrongful action," such as "using an unauthorized decoder" or "moving an authorized decoder ... from its authorized location to the commercial establishment." (*Id.* at 7.)

Plaintiff's evidence also includes the affidavit of Curtis Giese, an auditor working on Plaintiff's behalf, who visited Defendants' establishment on the night of the Alvarez–Lara fight. (Doc. No. 16-1 at 19–20.) Giese asserts that he paid a $10 cover charge to enter, saw the event displayed on two televisions and one large projection television, and estimated the capacity of the establishment at sixty people. (*Id.*)

On December 12, 2017, Plaintiff filed a motion to dismiss its claims against Defendants Melida's Restaurant and Bar, LLC, and Melida Santos Chinchilla, reflecting a settlement that they reached. (Doc. No. 13.) The Court granted their dismissal. (Doc. No. 14.)

On December 20, Plaintiff requested an entry of default against Defendant Raul Chinchilla. (Doc. No. 15.) Chinchilla had been served on August 14 and had failed to answer Plaintiff's Complaint or otherwise respond within the required time. Accordingly, default was entered by the Clerk of Court against Chinchilla on December 28. (Doc. No. 16.) Plaintiff now moves for default judgment against Chinchilla. (Doc. No. 17.)

The unauthorized interception and display of a closed-circuit telecast implicates the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605. An individual violates § 605 by displaying an intercepted communication. Under § 605(e)(3), the "party aggrieved" may elect to recover either the actual damages sustained or statutory damages for each violation, in a sum of not less than $1,000 or more than $10,000. If the court finds that the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may increase the award of damages by an amount not more

than $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). Costs, including attorney's fees, may also be awarded. 47 U.S.C. § 605(e)(3)(B)(iii).

The record establishes that Defendant Chinchilla displayed the boxing match without authorization and for commercial gain, so he is liable under § 605. J&J Sports Productions is entitled to recover statutory damages. The record does not establish the means that Defendant employed to display the event, but it does show that the event was displayed on three television screens to patrons who paid a cover charge to attend. The record also shows that the fee for a legal broadcast, given a 60-person venue, would have been $1,400. (Doc. No. 16-1 at 25.) These considerations, coupled with the need for effective deterrence of piracy, weigh in favor of granting statutory damages above the minimum level. The Court finds that a total award of $6,000 would be appropriate. Noting that Defendant Chinchilla is just one of the two original individual defendants, the Court therefore awards $3,000 in statutory damages against him.

The plaintiff also seeks additional damages based on Defendant's willfulness. The record shows that Defendants displayed the boxing match on three televisions in an establishment with a capacity of approximately sixty people. The boxing match was shown for the purpose of increasing the establishment's business. Based on the undisputed evidence, this Court finds a willful violation and awards $1,000 additional damages beyond the $3,000 already awarded.

As the prevailing party, Plaintiff is entitled to an award of its costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). The plaintiff has submitted an affidavit from its counsel that supports an attorney's fee award in the amount of $1,000, based on a $250 per-hour rate and four hours of time. The submission demonstrates that the fees sought are reasonable.

***

Plaintiff has established that it is entitled to judgment in the amount of $3,000 in statutory damages; $1,000 in enhanced damages; reasonable attorney's fees in the amount of $1,000; costs of court, and post-judgment interest on all of the above at the rate of 1.79% *per annum*. Final default judgment against Defendant Raul Chinchilla will be entered by separate order.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 26th of January, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE